


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE FUGARINO, SR. | : | CIVIL ACTION |
| v. | : | |
| JAMES BRENNAN, et al. | : | NO. 12-1277 |

FILED
APR 1 3 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM

DUBOIS, J.                                                         APRIL 13, 2012

Plaintiff Eugene Fugarino, Sr., a state prisoner, filed this pro se civil action against two defendants based on an alleged assault. The Court will grant Fugarino leave to proceed in forma pauperis, but, for the following reasons, will dismiss his Complaint without prejudice to his filing an amended complaint.

### I.   FACTS

Fugarino claims that on February 18, 2010, James Brennan beat him with a baseball bat in the basement of a building located in Philadelphia. Brennan then called the owner of the building, who instructed Brennan to keep Fugarino in the basement until he arrived so that he could partake in the beating.[1] Fugarino was detained for an hour and forty-five minutes, and sustained several injuries as a result of the beating. He seeks unspecified damages and also appears to be seeking imprisonment of the defendants.

### II.  STANDARD OF REVIEW

The Court grants Fugarino leave to proceed in forma pauperis

---

[1] The Complaint lists the owner as a defendant in addition to Brennan, but does not identify him by name.

because he has satisfied the requirements set out in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. ANALYSIS

To the extent Fugarino brings this action pursuant to 42 U.S.C. § 1983, he has failed to state a claim because there is no indication that the defendants are state actors. See Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) ("[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law."). Nor is any other basis for a federal claim apparent from the Complaint.

Although the Complaint states claims for assault, battery, and false imprisonment under state law, it is unclear whether

diversity jurisdiction exists over those claims. Diversity jurisdiction requires diversity of citizenship among the parties and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a); Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that[] . . . no plaintiff be a citizen of the same state as any defendant."). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. See Washington v. Hovensa LLC, 652 F.3d 340, 344 (3d Cir. 2011). A prisoner is presumed to be a citizen of the state where he was domiciled prior to his imprisonment unless he intends to remain in the state of his incarceration upon release. See Hall v. Curran, 599 F.3d 70, 72 (1st Cir. 2010) (per curiam); see also Pierro v. Kugel, 386 F. App'x 308, 309 (3d Cir. 2010). Although the Complaint indicates that Fugarino is incarcerated in Pennsylvania, it does not reflect his citizenship. Furthermore, the amount in controversy is not clear from the Complaint because Fugarino did not state the amount of damages that he seeks from the defendants.

A district court should ordinarily allow a pro se plaintiff to amend his complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002). Accordingly, Fugarino will be given an opportunity to file an amended complaint in the event he can cure the deficiencies noted above.

**IV.   CONCLUSION**

For the foregoing reasons, the Court will dismiss the Complaint without prejudice to Fugarino's filing an amended complaint.  An appropriate order follows.